UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ONTIVEROS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>S. FRAUENHEIM, Warden,<br><br>　　　　Respondent. | Case No. 1:17-cv-01448-MJS (HC)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY DAY DEADLINE TO FILE AMENDED PETITION** |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although the petition is extremely conclusory, Petitioner appears to challenge the Parole Board's decision to deny him parole.

**I.  Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See

Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II. Applicable Law – Federal Review of State Parole Decisions

The petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999). Under AEDPA, a district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. 1, 5 (2010).

California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, and Petitioner is entitled to minimal procedural protections in the parole determination. Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979)). The Supreme Court has held that "a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. A determination that these minimal protections were afforded ends the federal due process inquiry. Id.

## III. Discussion

Here, Petitioner states only that the Parole Board's denial was in "violation of federal law and unconstitutional impermissible state authority." He refers the court to various exhibits and state petitions he contends are attached to his federal petition.

However, no such documents were filed with the Court. The Court therefore is unable to understand the nature of Petitioner's claims; whether he indeed alleges that he is in custody in violation of the Constitution, laws, or treaties of the United States; and whether he alleges the Parole Board denied him the minimal procedural protections required under Greenholtz and Swarthout. In other words, as presently pled, the petition does not assert cognizable federal grounds for challenging the parole decision.

Petitioner will be given leave to amend. If Petitioner chooses to amend, his amended petition should be clearly and boldly titled "FIRST AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner is advised that an amended petition supercedes the original petition, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Accordingly, the amended petition must contain all the claims Petitioner wishes to present before the Court.

**IV.    Appointment of Counsel**

In the petition, Petitioner requests the appointment of counsel.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The Court finds that the interests of justice do not require the appointment of counsel in this case at the present time.

Accordingly, the request for the appointment of counsel will be denied.

**V.    Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that:

    1. Petitioner's request for appointment of counsel is denied;

2. The petition for writ of habeas corpus is dismissed with leave to amend;
3. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254;
4. Within **thirty (30) days** of the date of service of this order, Petitioner shall file an amended petition; and
5. If Petitioner fails to comply with this order, the undersigned will recommend the action be dismissed for failure to comply with a court order pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: October 31, 2017    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE